IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES LORAN MCGREW                                                    PLAINTIFF

v.                                    Civil No. 10-2048

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

<u>**MEMORANDUM OPINION**</u>

Plaintiff, James McGrew, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

The plaintiff filed his applications for DIB and SSI on March 5, 2007, alleging an onset date of October 2, 2006, due to pancreatitis, a gastrointestinal disorder, hypertension, and high cholesterol.  Tr. 88-96, 110, 112-114, 118-119, 136, 141-142.

An administrative hearing was held on September 25, 2008.  Tr. 7-37.  Plaintiff was present and represented by counsel.  At the hearing, he indicated that he would be willing to adjust his onset date to the end of March 2007, to reflect that he had drawn unemployment benefits through that date.  Tr. 11.

AO72A
(Rev. 8/82)

At this time, plaintiff was 55 years of age and possessed a high school education. Tr. 15, 52, 115. He had past relevant work ("PRW") experience as a press operator. Tr. 111, 128-130.

On November 19, 2008, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's gastrointestinal and/or pancreatic disorder and hypertension did not meet or equal any Appendix 1 listing. Tr. 47. The ALJ determined that plaintiff maintained the residual functional capacity ("RFC") to perform unskilled light work. Tr. 47-51. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform work as a poultry deboner and laundry worker. Tr. 52.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 12, 2010. Tr. 1-3. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 12, 13.

## II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742,

2

747 (8th Cir. 2001).  If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.      The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has ehngaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional

3

capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC assessment.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations."  *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).  However, the United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."  *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the medical evidence reveals that Plaintiff had been diagnosed with chronic pancreatitis and has been consistently treated for this impairment during the relevant time period.  On August 15, 2008, Dr. Luc Balis, Plaintiff's treating physician, completed a medical source statement.  Tr. 233-235.  He indicated that Plaintiff suffered from chronic pancreatitis, which interfered with his ability to sit, stand, walk, lift, and carry and resulted in a moderate degree of pain.  As such he indicated that Plaintiff could sit continuously for a maximum of 30 minutes and a total of less than one hour in an eight-hour workday; stand continuously for a maximum of 30 minutes for a total of one hour; walk continuously for a

AO72A
(Rev. 8/82)

maximum of 30 minutes for a total of one hour; and walk and stand combined for a total of two hours per day.  Further, he concluded Plaintiff could continuously lift and carry one to five pounds and occasionally lift six to ten pounds, but never lift more than ten pounds.  Dr. Balis also opined that Plaintiff could only occasional bend, squat, and reach overhead and never crawl, climb, stoop, crouch, and kneel.  He was also limited to occasional exposure to noise.  Dr. Balis noted that his assessment was based on laboratory findings, and that Plaintiff would need to take unscheduled breaks during an eight-hour day.  He would also likely miss more than four days of work per month. Tr. 233-235.  The ALJ, however, dismissed Dr. Balis' assessment, stating that it was inconsistent with the overall medical evidence.

The only other RFC assessments contained within the file were prepared by non-examining consultants who both concluded that Plaintiff's pancreatitis was non-severe.  A review of the evidence clearly indicates that Plaintiff's pancreatitis more than minimally effected his ability to work. *See Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir.2007) (defining a severe impairment).   Records show that Plaintiff sought out emergency treatment for stomach and abdominal pain, nausea, and vomiting, and followed-up with Dr. Balis on a six month schedule. He was also hospitalized for these symptoms on January 20, 2007, and August 5, 2007.  Tr. 190-200, 224-232.  We note that the ALJ concluded that Plaintiff's pancreatitis/gastritis was a severe impairment.  However, he then proceeded to determine and RFC without any medical evidence to indicate Plaintiff's limitations or abilities.  Accordingly, given the fact that Plaintiff's impairment is severe and that the ALJ dismissed the only RFC assessment contained in the record, we believe remand is necessary to allow the ALJ to obtain an RFC assessment. *See Lewis,* 353 F.3d at 646.

5

The record is also unclear regarding the role alcohol consumption has played in Plaintiff's development of and suffrage from pancreatitis. There are several references to his history of alcohol abuse and to the fact that his pancreatitis was the result of alcohol abuse, but no records to indicate that he continued to consume excessive amounts of alcohol after his diagnosis of pancreatitis. One record indicates he had two beers with a meal on one occasion, while another reveals his report that he had stopped drinking beer all together by January 2007. Further, although ER doctors noted Plaintiff's history of alcohol abuse, Dr. Balis made no reference to Plaintiff's use of alcohol in his medical source statement dated August 2008. However, the ALJ rests much of his opinion on the fact that Plaintiff was an alcoholic and continued to abuse alcohol, in spite of being diagnosed with pancreatitis and being advised by doctors to stop drinking. Given that the record is not clear on this issue, we believe that the ALJ should have clarified this issue with Plaintiff's treating physician, Dr. Balis. Accordingly, on remand, the ALJ is directed to recontact Dr. Balis and to inquire as to Plaintiff's current alcohol status and whether the use of alcohol is a material factor in Plaintiff's disability. *See Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000) (claimant has initial burden of showing that alcoholism or drug use is not material to finding of disability; key factor is whether claimant would still be found disabled if she stopped using drugs and alcohol).

## IV.    Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

6

DATED this 7th day of March 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)